

(Reap. Dec. 10276)

GEHRIG, HOBAN AND CO., INC. *v.* UNITED STATES

Entry No. 111709.

(Decided June 25, 1962)

*Hays, Busby and Rivkin* for the plaintiff.
*Joseph D. Guilfoyle,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The above-enumerated appeal for reappraisement has been submitted for decision on stipulation of counsel for the parties, on the basis of which I find that cost of production, as defined in section 402a(f), Tariff Act of 1930, as amended by Customs Simplification Act of 1956, is the proper basis for the determination of the values of the perfumes involved and that such values are the appraised unit values, less 2.041 per centum, plus the cost of packing at $5 per case.

Judgment will issue accordingly.

(Reap. Dec. 10277)

GEHRIG, HOBAN AND CO., INC. *v.* UNITED STATES

Entry No. 110940.

(Decided June 25, 1962)

*Hays, Busby and Rivkin* for the plaintiff.
*Joseph D. Guilfoyle,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The above-enumerated appeal for reappraisement has been submitted for decision on stipulation of counsel for the parties, on the basis of which I find that cost of production, as defined in section 402a(f), Tariff Act of 1930, as amended by Customs

337

Simplification Act of 1956, is the proper basis for the determination of the values of the perfumes involved and that such values are the appraised unit values, less 2.041 per centum, plus the cost of packing at $5 per case.

Judgment will issue accordingly.

(Reap. Dec. 10278)

GEHRIG, HOBAN AND CO., INC. v. UNITED STATES

Entry No. 706793.

(Decided June 25, 1962)

*Hays, Busby and Rivkin* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The above-enumerated appeal for reappraisement has been submitted for decision on stipulation of counsel for the parties, on the basis of which I find that cost of production, as defined in section 402a (f), Tariff Act of 1930, as amended by Customs Simplification Act of 1956, is the proper basis for the determination of the values of the perfumes involved and that such values are the appraised unit values, less 2.041 per centum, plus the cost of packing at $5 per case.

Judgment will issue accordingly.

(Reap. Dec. 10279)

A. N. DERINGER, INC. v. UNITED STATES

Entry No. 4150, etc.

(Decided June 25, 1962)

*Barnes, Richardson & Colburn* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED that the items on the invoices covered by the reappraisement appeals listed in Schedule A, attached hereto and made a part hereof, which are marked "A" and initialed H.G.W., C.E.S., W.M.R.,